Hon. Marc L. Parris County Attorney, Rockland County
This is in response to your letter requesting an opinion of the Attorney General as to whether a conflict of interest would exist where a county legislator's partner is employed on the teaching staff of your county sponsored community college.
In one of our previous opinions dated January 22, 1975, we concluded that a county legislator may not be employed on the teaching staff of a county sponsored community college located within the county. We premised our conclusion on the fact that the county as a public employer is required to negotiate employment agreements with the staff of the community college and such agreements must be approved by the county legislature
and this would be in violation of section 801 of the General Municipal Law.
General Municipal Law, § 801, provides, in pertinent part, as follows:
 "* * * (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract * * *." (Emphasis supplied.)
Under the facts presented here, the compensation received by the law partner of the county legislator for his position as an instructor at the Rockland Community College is for the sole benefit of such partner and does not become part of the income of the partnership. There would, therefore, be no prohibited conflict of interest arising because of an employment contract of the partner with the Community College under section 801 of the General Municipal Law.
We, therefore, conclude that no prohibited conflict of interest exists where the law partner of a county legislator is employed as an instructor at the county sponsored community college when the compensation received for such services does not become part of the income of the partnership.